**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Impact Financial Services, LLC., | No. CV-10-0070-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Six400 Check Solutions, LLC; Rory Buske; Albert Slucher; and Arthur Arbuckle, | |
| Defendants. | |

The court has before it defendants' motion to dismiss count II of the amended complaint (doc. 58), plaintiff's response (doc. 62), and defendants' reply (doc. 64).

Plaintiff Impact Financial Services, LLC entered into a Strategic Alliance Agreement ("Agreement") with defendant Six400 Check Solutions, LLC ("Six400") to develop, market, and support software used by banks to process account overdraft fees. Plaintiff owned the program and Six400 developed certain software to implement it. The individual defendants, Rory Buske, Albert Slucher, and Arthur Arbuckle are members of Six400. In February 2006, the parties amended the Agreement and in November 2007 the parties executed a Go-Forward Agreement to further define their relationship. The parties' relationship went sour when in January 2010 plaintiff discovered that defendants had created a competing entity, abruptly ended the Agreement, and attempted to take plaintiff's clients with them. Plaintiff

alleges that defendants breached the Agreement and committed fraud by forming a competing entity while simultaneously continuing to accept payments of $45,000 a month due under the Go Forward Agreement. Plaintiff filed this action alleging four claims, but after amending its complaint, proceeds with only two: breach of contract and fraud. Defendants contend that the fraud claim should be dismissed under Rules 9(b) and 12(b)(6), Fed. R. Civ. P.

As an initial matter, the parties dispute what law should apply. There is a choice of law provision in the Agreement providing that the law of Tennessee should apply to all disputes between the parties. Plaintiff argues that Tennessee law should govern whether it has sufficiently pled a fraud claim. Defendants, on the other hand, assert that the choice of law provision is void, and therefore Arizona law should apply.

In a diversity case, we apply the choice of law rules of the state in which we sit; here, Arizona. Abogados v. AT&T, Inc., 223 F.3d 932, 934 (9th Cir. 2000). We employ a choice of law analysis when there is a true difference between the laws of the interested states. If the laws of both states would yield identical results, then a "false conflict" exists and a conflict of laws analysis is unnecessary. Gianaculas v. Trans World Airlines, Inc., 761 F.2d 1391, 1393 (9th Cir. 1985). Here, we need not decide which law applies to the fraud claim because our inquiry into the laws of Arizona and Tennessee instructs us that plaintiff's claim must be dismissed under either state's law.

Plaintiff alleges that defendants had a duty to disclose an intent to sever ties with plaintiff and that their failure to do so was fraudulent. Plaintiff argues that defendants' continued acceptance of funds due under the Go-Forward Agreement while forming a competing entity was fraudulent, and that plaintiff relied to its detriment by continuing to advance the funds. Defendants contend that plaintiff fails to allege a plausible and specific claim of fraud and instead has simply recast its breach of contract claim.

Rule 9(b), Fed. R. Civ. P. requires fraud, and specifically the "who, what, when, where, and how," to be pled with particularity. See Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1102-03 (9th Cir. 2003); Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997). Under

Arizona law fraudulent concealment occurs when "one party to a transaction who by concealment or other action intentionally prevents the other from acquiring material information." Wells Fargo Bank v. Ariz. Laborers, Teamsters and Cement Masons Local No. 395 Pension Trust Fund, 201 Ariz. 474, 496, 38 P.3d 12, 22 (2002).[1]

Plaintiff fails to plead a claim of fraudulent concealment under Arizona law because it does not allege sufficient facts demonstrating the element of concealment. Plaintiff simply makes general, conclusory statements that defendants "represented to plaintiff that they intended to abide by the Agreement." Amended Complaint ¶ 58. Plaintiff alleges no facts about how the defendants actually concealed this information, other than simply arguing that defendants continued to accept funds due to them under the Go-Forward Agreement. Rule 9(b), Fed. R. Civ. P. requires all averments of fraud and the circumstances constituting the fraud to be stated with particularity. See Odom v. Microsoft Corp, 486 F.3d 541, 553 (9th Cir. 2007). Because plaintiff fails to plead particular acts of concealment or identify each individual defendant's role in the concealment, plaintiff's claim fails under Rule 9(b), Fed. R. Civ. P. and Arizona law. See Swartz v. KPMG, LLP, 476 F.3d 756, 764 (9th Cir. 2007).

Tennessee law produces the same result. Under Tennessee law fraudulent concealment occurs when a "party who has a duty to disclose a known fact or condition fails to do so, and another party reasonably relies upon the resulting misrepresentation, thereby suffering injury." Chrisman v. Hill Home Dev., 978 S.W.2d 535, 538-39 (Tenn. 1998). There are three instances in which a duty to disclose can arise: (1) where there is a previous definite fiduciary relationship, (2) where it appears one or more of the parties to the contract expressly reposes a trust or confidence in the other, and (3) where the contract or transaction is intrinsically fiduciary and calls for perfect good faith. Shah v. Racetrac Petroleum Co.,

---

[1] Plaintiff's complaint does not specify what kind of fraud is pled. Because plaintiff only addresses the tort of fraudulent concealment in its response to the motion to dismiss, we only address that claim here. Furthermore, plaintiff's response does not address its claims for fraud based on allegations that defendant made fraudulent statements to some of plaintiff's clients and fraudulently removed plaintiff's trade dress. Because plaintiff has abandoned these claims, we do not address them.

338 F.3d 557, 571-72 (6th Cir. 2003) (applying Tennessee law).

Plaintiff's claim fails to allege sufficient facts demonstrating a duty to disclose. Plaintiff has not shown the existence of a fiduciary relationship because Section 17.1 of the Agreement expressly states that the parties did not form an agency relationship. Complaint at 31. The Agreement applies to all defendants, including the individual defendants who are agents of Six400. See Britton v. Co-op Banking Grp., 4 F.3d 742, 744 (9th Cir. 1993). Similarly, plaintiff has not pled a duty to disclose on any other basis. There are no allegations that this Agreement is "intrinsically fiduciary" or that the parties have an especially trusting or confidential relationship. Plaintiff's claim that it confided in defendants certain information about its product is too general and conclusory to demonstrate a duty to disclose or meet Rule 9(b)'s specificity requirement. Rather, the parties are both corporate entities who reached the Agreement at arms length. Furthermore, plaintiff has not pled any facts indicating that defendants exercised dominion or control over plaintiff. See Shah, 338 F.3d at 571 (stating that Tennessee law defines a confidential relationship to exist when the recipient of the confidence is a dominant personality with the ability to exercise control over the other). Accordingly, because plaintiff has failed to allege a duty to disclose, his claim for fraudulent concealment must be dismissed under Tennessee law as well.

**IT IS THEREFORE ORDERED GRANTING** defendants' motion to dismiss count II of the amended complaint with prejudice (doc. 58). Pursuant to our previous order, (doc. 47), plaintiff may not seek leave to amend its fraud claim.

DATED this 3rd day of December, 2010.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge