**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Impact Financial Services, LLC,         )<br>                                         )<br>              Plaintiff,                )<br>                                         )<br> vs.                                     )<br>                                         )<br>                                         )<br> Six400 Check Solutions, LLC; Rory)<br> Buske; Albert Slucher; and Arthur)<br> Arbuckle,                                )<br>                                         )<br>              Defendants.                )<br>                                         )<br>_____) | No. CV-10-0070-PHX-FJM<br><br>**ORDER** |

The court has before it Rory Buske, Albert Slucher, and Arthur Arbuckle's ("the individual defendants") motion for Rule 54(b) entry of judgment (doc. 88). Plaintiff did not respond.

On December 6, 2010, we entered an order dismissing with prejudice Count II of the Amended Complaint, plaintiff's fraud claim (doc. 69). Count II specifically named the individual defendants. Count I is for breach of contract and is asserted only against Six400. See doc. 53. The individual defendants now seek entry of judgment on count II so that they do not have to wait until the end of trial against Six400 for a final judgment. Moreover, the individual defendants argue that count II is distinct and separate from count I and that there is no just reason for delay.

1    Although plaintiff failed to respond, we still consider whether entry of final judgment
2 is appropriate under Rule 54(b), Fed. R. Civ. P.  Rule 54(b) provides that when more than
3 one claim for relief is presented in an action, or when multiple parties are involved, the
4 district court may enter final judgment as to one or more but fewer than all of the claims or
5 parties "only if the court expressly determines that there is no just reason for delay."
6 "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and
7 risks of multiplying the number of proceedings and of overcrowding the appellate docket are
8 outbalanced by the pressing needs of the litigants for an early and separate judgment as to
9 some claims or parties." Frank Briscoe Co. v. Morrison-Knudsen Co., 776 F.2d 1414, 1416
10 (9th Cir. 1985); see also Gausvik v. Perez, 392 F.3d 1006, 1009, n. 2 (9th Cir. 2004). "A
11 similarity of legal or factual issues will weigh heavily against entry of judgment under the
12 rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a
13 harsh and unjust result." Frank Briscoe, 776 F.2d at 1416.
14    We first note that a dismissal with prejudice for failure to state a claim is a final
15 judgment on the merits. See Stewart v. U.S. Bancorp, 297 F.3d 953, 957 (9th Cir. 2002).
16 We therefore must determine whether there is any "just reason for delay."  The individual
17 defendants claim that there is no relationship between the adjudicated and unadjudicated
18 claims to justify delay.  We disagree.  The factual underpinnings of the breach of contract
19 claim and the fraud claim are essentially the same.  Defendants even argued this in their
20 motion to dismiss count II (doc. 58).  Moreover, the individual defendants are members of
21 Six400 and trial is scheduled to occur in about five months.  Given that this is a routine case
22 and the factual basis for both claims is substantially the same, entry of final judgment could
23 result in piecemeal appeals. See Wood v. GCC Bend, LLC, 422 F.3d 873, 879-80 (9th Cir.
24 2005).  Any hardship to the individual defendants caused by their having to wait is
25 outweighed by the burden of piecemeal appeals and motions for attorneys' fees.  We,
26 therefore, exercise our discretion and deny the motion for entry of judgment under Rule
27 54(b). See Wood, 422 F.3d at 879;  Blair v. Shanahan, 38 F.3d 1514, 1522 (9th Cir. 1994).
28 / / /

1   Accordingly, it is **ORDERED DENYING** the individual defendants' motion for Rule
2   54(b) entry of judgment (doc. 88).

3   DATED this 1st day of April, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge